UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE:<br><br>**BARBARA VERN BARLOCK**<br><br>               Debtor | CASE NO: 17-15692<br>CHAPTER 13 PROCEEDINGS<br>JUDGE JESSICA E. PRICE SMITH<br><br>**<u>MOTION FOR RELIEF FROM JUDGMENT AND TO REINSTATE AUTOMATIC STAY AS TO DEUTSCHE BANK TRUST/ PNC BANK MORTGAGE</u>** |

     Now comes the debtor, by and through counsel, and for her Motion For Relief From Judgment and to Reinstate the Automatic Stay as to Deutsche Bank Trust/and PNC Bank Mortgage states as follows:

> **Federal Rules of Civil Procedure; Rule 60. Relief from a Judgment or Order**
> **(b) GROUNDS FOR RELIEF FROM A FINAL JUDGMENT, ORDER, OR PROCEEDING**. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.
> **(d) OTHER POWERS TO GRANT RELIEF**. This rule does not limit a court's power to: (1) entertain an independent action to relieve a party from a judgment, order, or proceeding;

1. That the debtor commenced this Chapter 13 Proceeding on September 27th, 2017.

2. That Deutsche Bank Trust Company Americas was granted Relief From Stay on December 28, 2018. Deutsche Bank Trust Company/PNC Bank holds the first mortgage on the debtor's personal residence.

3. The debtor has made substantial post-petition payments to the Chapter 13 Trustees Office in the amount of $23,341.86. A motion to modify the plan

converting it to a conduit case was filed on 12/21/2018. The Trustee has $17, 053.17 on hand which is sufficient funds to disperse to the secured creditor who has already received from the Trustee $2,569.96.

4. The debtor has continued to make her monthly plan payments to the Chapter 13 Trustee. Once the Chapter 13 Plan is confirmed by this honorable court, there are sufficient funds on hand to begin current monthly payments and to also make payments on the arrearage owed.

5. The debtor is being threatened with foreclosure by letters received from secured creditor Deutsche Bank Trust Company/PNC Bank. Debtor is unable to make those payments directly to cure the default with this creditor when she is bound by the rules of this court to pay into the Chapter 13 plan even though the plan has not been confirmed. Because the Chapter 13 plan has not been confirmed the secured creditor has not been receiving regular payments by the Chapter 13 Trustee who has possession of the funds to cure the default and make the foreclosure action unnecessary. **(Exhibit A & Exhibit B)**

WHEREFORE, the debtor moves the Court for an Order Reinstating the Automatic Stay as to Deutsche Bank Trust/PNC Bank.

Respectfully Submitted,

/S/ ROBERT J. BERK
**ROBERT J. BERK (0001031)**
Attorney for Debtor
2000 Lee Road, Suite 114
Cleveland Heights, Ohio  44117
Office: (216) 241-3880
Fax: (216) 241-5366
Email: bobberk@aol.com

# CERTIFICATE OF SERVICE

I certify that on the 9th day of April 2019 a true and correct copy of this Motion For Relief From Judgment And To Reinstate Automatic Stay As To Deutsche Bank Trust/PNC Bank was served Via the Court's Electronic Case Filing System on these entities and individuals who are listed on the Court's Electronic Mail Notice List:

Lauren A. Helbling, Chapter 13 Trustee at: ch13trustee@ch13cleve.com

**AND BY CERTIFIED MAIL TO THE FOLLOWING:**

David T. Brady, Attorney for Deutsche Bank Trust and PNC Bank secured creditor at Sandu Law Group, LLC, 1213 Prospect Avenue, Suite 300, Cleveland, Ohio 44115

Christopher Daniel Davies, President, CEO, & Director, CitiMortgage, Inc.

1000 Technology Drive, Mail Station 420, O'Fallon, MO 63368-2240

William S. Demchak, CEO, PNC Bank NA, PNC Bank Corporate Office, PNC Financial Services Corporation, One PNC Plaza, 249 Fifth Avenue, Pittsburgh, PA 15222

Christian Sewing, CEO Deutsche Bank Trust Company of Americas, 300 South Grand Avenue, 41st Floor, Los Angeles, CA 90071

/S/ROBERT J. BERK
**ROBERT J. BERK-0001031**
Attorney for Debtor



Sandhu Law Group, LLC ■ 1213 Prospect Avenue, Suite 300 ■ CLEVELAND, OH 44115

March 5, 2019

Barbara V. Barlock
23583 Cedarwood Lane
North Olmsted, OH 44070

RE: **Deutsche Bank Trust Company Americas, as Trustee for Residential Accredit Loans, Inc., Mortgage Asset-Backed Pass-Through Certificates, Series 2006-QS18 v. Barbara V. Barlock**
**Our File No. 17-01536**

Dear Barbara V. Barlock,

Sandhu Law Group, LLC ("Firm") is a law firm retained to collect a debt. Any information obtained will be used for that purpose. As of the date of this letter, no attorney at the Firm has evaluated the debt.

**To the extent your original obligation has been discharged or is subject to an automatic stay of bankruptcy under Title 11 of the United States Code, this notice is for compliance and informational purposes only or is notice of the creditor's intent to enforce a lien against property and is not an attempt to collect a debt, a demand for payment, or an attempt to impose personal liability for that debt.**

As of February 26, 2019, the amount of the debt is $135,918.51. This amount is not a payoff amount. The amount of the debt may change because of interest, late charges, and other fees and charges that may vary from day to day. If you pay the amount shown above, an adjustment may be necessary. For further information or if you wish to pay the debt, please contact the Firm in writing at the address above, or by telephone at 216-373-1001.

The creditor to whom the debt is owed is Deutsche Bank Trust Company Americas, as Trustee for Residential Accredit Loans, Inc., Mortgage Asset-Backed Pass-Through Certificates, Series 2006-QS18.

You are entitled to thirty (30) days from your receipt of this notice to notify the Firm that you dispute the validity of the debt or any portion of the debt. If you do not dispute the debt or any portion of the debt within thirty (30) days of your receipt of this notice, the Firm will assume that it is valid.

If you notify the Firm in writing within thirty (30) days of your receipt of this notice that you dispute the debt or any portion of the debt, the Firm will obtain verification of the

Exhibit A

debt and mail a copy of that verification to you. Also, if within thirty (30) days of your receipt of this notice you request in writing the name and address of the original creditor, if the original creditor is different from Deutsche Bank Trust Company Americas, as Trustee for Residential Accredit Loans, Inc., Mortgage Asset-Backed Pass-Through Certificates, Series 2006-QS18, the Firm will provide you with that information.

The Firm is not required to wait until the end of the thirty (30) day periods described above before filing a foreclosure action in court or taking other legal action to collect the debt. If you request verification of the debt or the name and address of the original creditor, as set forth above, the Firm is required to suspend its efforts to collect the debt until the Firm sends the requested information to you.

This notice pertains only to your dealings with the Sandhu Law Group, LLC as a debt collector. This notice does not affect or change your obligations or dealings with any court or court official. Specifically, this notice does not change the time by which you must respond to any summons or judicial action, if judicial action is taken against you to collect the debt before the expiration of the thirty (30) day periods described above. If you receive a summons from the court, the summons is a command from the court, not from the Firm, and you must follow its instructions even if you dispute the validity or amount of the debt.

You may receive one or more other letters or notices around the time of your receipt of this notice containing information about possible loss mitigation alternatives to foreclosure. Such letters are not an attempt to collect a debt but rather-are-intended for informational purposes only. Such communications do not reduce, alter, or contradict your rights to (1) dispute the debt or any portion of the debt, as described in this notice, or (2) request verification of the debt, as described in this notice.

Very truly yours,

Sandhu Law Group, LLC

Suzanne M. Godenswager
Attorney at Law

**PNC BANK**  
PNC Bank  
P.O. Box 1820  
Dayton, OH 45401-1820

**Customer Service Contact Information**  
PNC Bank, B6-YM07-01-7  
P.O. Box 1820  
Dayton, Ohio 45401-1820  
1-800-822-5626

FEBRUARY 25, 2019

8-749-86002-0000142-001-1-000-000-000-000

BARBARA V BARLOCK  
23583 CEDARWOOD LN  
NORTH OLMSTED OH 44070

RE:   Loan No. 0004886005  
      Property Address: 23583 Cedarwood Ln,  
                       North Olmstead OH 44070

Dear Customer:

Please take notice that we are hereby exercising our right under the Mortgage to accelerate your loan because you have not made the required payments within the time required by the promissory note secured by the Mortgage. This means that the entire unpaid loan balance plus applicable fees and charges is now due. Your loan has been referred to our attorney, who has been instructed to proceed with foreclosure. Please direct all future communications concerning your foreclosure to our attorney.

   Sandhu Law Group Llc  
   Ste 300  
   1213 Prospect Avenue Cleveland OH 44115  
   Telephone No. (216)373-1001

Even though we have accelerated the loan and the loan is now due in full, you may still have a right to pay a lesser amount to "reinstate" your loan. A right to reinstate may be provided in your Mortgage and/or may be provided by state law. If you have this right, you may be entitled to pay the monthly payments you missed, plus other charges, and if you pay those amounts we will not continue to demand that you immediately pay the entire loan amount plus applicable fees and charges at this time. If you reinstate your loan, the referral of your loan for foreclosure will be canceled. If you reinstate your loan, you will still have to continue making your regular monthly payments. If you do not make your regular monthly payments and pay other charges due under your mortgage after reinstating, we may, in accordance with all applicable state law, accelerate the loan again and then refer to your loan for foreclosure.

**Exhibit B**

To request information or notify us of an error regarding your account, please send a written request/notice to:  
PNC Bank; PO Box 8807; Dayton, OH 45401-8807

17-15692-jps    Doc 76    FILED 04/09/19    ENTERED 04/09/19 22:25:41    Page 6 of 7



FC110

Page 2                                                Loan Number:   0004886005

Because your loan has been accelerated, we will only accept payment in one of two amounts. First, if you are entitled to reinstate, we will accept a payment in the amount needed to reinstate your loan. Second, if you are not entitled to reinstate or do not send the money necessary to reinstate, we will accept only a payment in the amount needed to pay off the entire loan amount plus applicable fees and charges that are now due because of the acceleration. Until you make one of these two payments, or reach some other agreement with us in writing, we will not accept any other payments from you and the foreclosure will proceed.

The time in which you may exercise your right to reinstate, if any, may be limited by the Mortgage or state law. The specific sums that we may require you to pay to reinstate your loan may vary depending on your specific Mortgage and state law. If you would like to obtain a quote for the amount needed to reinstate your loan or to pay off your accelerated loan or to pay off your accelerated loan in full, please contact your representative EARLY INTRVN PRIVATE at 888-224-4702 ext. 937-071-1574 and we will provide a quote if a right to reinstate is applicable to your situation. You may also call this number to discuss other options that may be available to help you avoid foreclosure.

We would like to help you understand your options to stop foreclosure. If there has been a financial hardship that has affected your ability to pay the mortgage, you may be eligible to participate in a mortgage workout program. The following is a description of some mortgage workout programs.
- Repayment Plan. An agreement to resume making regular monthly payments in addition to a portion of the past-due payments.
- Loan Modification. The terms of the mortgage may be changed if it will help a borrower maintain homeownership
- Assumption. A qualfied buyer may be allowed to assume your mortgage
- Short Sale. The borrower may be able to sell the property at fair market value. If the proceeds are not enough to pay the loan off, the lender may accept a short payoff.
- Deed in Lieu. the title of the property may be returned to the lender in exchange for release of the mortgage debt.

You can also call the Homeowner's HOPE Hotline at 888-995-HOPE (4673) if you need further counseling.  They offer free HUD-certified counseling services in English and Spanish, and can help answer any questions you have.

Sincerely,

PNC Bank                                                          GPF FC110

This is an attempt to collect a debt and/or enforce our lien. Any information obtained will be used for that purpose unless prohibited by applicable law. However, if this debt has been discharged or if you are protected by the automatic stay in bankruptcy, we are not attempting to collect the debt from you personally, and if we have obtained relief from the automatic stay, we will only exercise our rights against the property itself. By providing this notice we do not waive any applicable exemptions from state or federal collection laws.

If you are requesting modified payments or other loss mitigation, please note that normal collection activity, collection litigation and/or foreclosure activity may continue on your loan to the extent allowed by law while your request is being reviewed. Any information requested may be necessary to determine your eligibility for loss mitigation options.